1  Hector Banuelos
2  2323 W. 37th St.
3  San Pedro, CA 90732
4  310-684-2080
5  videndum@gmail.com
6
7  Defendant in Pro Per
8
9

10              **UNITED STATES DISTRICT COURT**
11            **CENTRAL DISTRICT OF CALIFORNIA**
12
13  Chris Langer                    Case No.: 2:16-CV-06505-JFW-(JCx)
14        Plaintiff,                **Defendant's Declaration on**
15     vs.                          **Meet & Confer with Plaintiff's**
16  Hector Banuelos                 **Counsel**
17        Defendant.                Date: February 12, 2020
18                                  Time: 1:30 p.m.
19                                  Ctrm: 7A
20                                  Honorable Judge John F. Walter
21
22  Defendants Declaration
23  I,Defendant Hector Banuelos, do hereby attest under penalty
24  of perjury, that the following is true:
25  On February 5, 2020, I conferred by telephone, with Isabel
26  Masanque regarding my Motion to Vacate Summary Judgment. I
27  also include content from previous conversations with
28  Plaintiff's counsel.

1  I stated the following reasons to Plaintiff for vacating his
2  Summary Judgment:
3
4  (1) Under FRCP 60(1).
5  "On motion and just terms, the court may relieve a party or
6  its legal representative from a final judgment, for the
7  following reasons: (1) mistake, inadvertence, surprise, or
8  excusable neglect. In my case excusable neglect because of
9  medical emergencies with my wife and mother and the death of
10 our daughter and more recently, my father's death. I was
11 unable to sufficiently respond to Plaintiff's requests, nor
12 was I competent to tend to my own defense.
13
14 (2) Under FRCP 60(2), Newly discovered evidence:
15 I have testified that in spite of the sign, my tenants and I
16 maintain the rear of the building closed to the public. If
17 Chris Langer did in fact visit my property, his entering the
18 property through the rear gate would have been trespassing.
19 I stated to Ms. Masanque that I'd recently found evidence to
20 support my testimony on the 'Yelp' business reviews website.
21 Two reviews predate Mr. Langer's alleged visit to my
22 property. In one, a customer complains that there is no
23 parking available on my property. Another states that 'the
24 gate is locked' and cannot enter the parking lot. There are
25 approximately 38 more customer reviews stating that there is
26 no parking on the property or that there is street parking
27 only. This new evidence establishes that said parking lot
28 was not a public accommodation.

Defendant's Declaration

1  Ms. Masanque's response to this newly discovered evidence is

2  her argument that Plaintiff Langer saw the 'parking in rear"

3  sign on the front side of the building, and that the sign on

4  the front side of the building was the determinant factor in

5  designating the rear lot a public accommodation.

6  Plaintiff's argument effectively denies Defendants of their

7  rights of possession, control, exclusion, enjoyment of their

8  property. Therefore, Plaintiff's argument is untenable. A

9  "parking in Rear" sign does not guarantee access to a

10  private property. Only the owners of a private property can

11  make this determination. Defendants have demonstrated by

12  their actions and have supporting evidence that they did

13  reserve their right to refuse public access to the rear lot

14  of their building.

15

16  (3) Under FRCP 60(b)(4) Judgment is void :

17  Plaintiff's argument regarding the significance of the

18  'parking in rear sign' falls within the purview of

19  contractual Law. Therefore, based on Plaintiff's own

20  argument, from the beginning, his claim was never subject

21  matter for this court.

22  *Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80*

23  *S.W.2d 1087, 1092. "Judgment is a "void judgment" if court*

24  *that rendered judgment lacked jurisdiction of the subject*

25  *matter". "A void judgment is one which, from its*

26  *inception, was a complete nullity and without legal*

27  *effect", Lubben v. Selecvtive Service System Local Bd.*

28

Defendant's Declaration

1  *No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass.*
2  *1972)*
3
4  (4) Under FRCP 12(h)(3) *Lack of Subject-Matter Jurisdiction.*
5  If the court determines at any time that it lacks subject-
6  matter juridiction, the court must dismiss the action.
7
8  (5) Under FRCP 25(a)(1)(3) "Service of substitution,
9  *Service.* A motion to substitute, together with a notice of
10  hearing, must be served on the parties as provided in <u>Rule 5</u>
11  and on nonparties as provided in <u>Rule 4</u>. A statement noting
12  death must be served in the same manner. Service may be made
13  in any judicial district":
14  Plaintiff failed to substitute my dear, departed father,
15  Defendant Lino Banuelos' and to serve his representative as
16  ordered by the court (Doc 34).
17  Plaintiff also Failed to substitute my mother, Rosavelia
18  Banuelos' and to serve her representative, due to her
19  incompetence.
20
21  (6) Under FRCP 41(b
22  *"Involuntary Dismissal; Effect. If the plaintiff fails to*
23  *prosecute or to comply with these rules or a court order, a*
24  *defendant may move to dismiss the action or any claim*
25  *against it."*:
26  Plaintiff filed his Motion for Summary Judgment while in
27  contempt of court order violating defendants' rights to due
28  process

Defendant's Declaration

1   Ms. Masanque replied that my father, Lino, was dismissed
2   from the suit. She did not mention my mother Rosavelia
3   Banuelos. Both my father's and mother's names still appear
4   as named defendants on documents filed by Plaintiff to date.
5   Plaintiff's failure to substitute Defendants also prejudiced
6   defendant Hector Banuelos' defense.
7
8   (6) Under FRCP 5: Lack of service to Defendants on
9   Plaintiff's motion for Summary Judgment:
10  I asked Ms. Masanque why plaintiff had not notified
11  Defendants of his filing of Motion for Summary Judgment and
12  also indicated that the address on the Proof Of Service
13  filed by Plaintiff contained an incorrect address. Ms.
14  Masanque replied that the notice was proper because it was
15  sent to the address on the Defendant's Answer. Plaintiff has
16  admitted to having prior knowledge of the incorrect address
17  and Ms. Masanque has stated that some mail was being
18  returned to her office and that some was sent, as a
19  courtesy, to my correct home address. There was no
20  explanation as to why Plaintiff counsel did not send a copy
21  of notices to our home addresses as they'd previously done
22  with other documents. This led me to the belief that this
23  was a deliberate exploitation of my circumstances.
24  I did not become aware of the incorrect address until
25  November 6, 2019, whereupon my first visit to the Pro Se
26  Clinic, I learned that there was in incorrect address on my
27  Response. Prior to this date, I did not know this. All the
28  while Plaintiff was prosecuting us I was forced to neglect

Defendant's Declaration

1   my defense because I was diverted by my wife's, my mother's,
2   and my father's medical emergencies, The tragic death of my
3   most beloved daughter Sarah in October 2015, and my father's
4   subsequent death in August, 2019. These events have rendered
5   me incapacitated.
6   Nevertheless, Plaintiff cannot deny that there was a lack of
7   notice to Defendants, as it is in the record.
8   RE: Notice. "An elementary and fundamental requirement of
9   due process in any proceeding which is to be accorded
10  finality is notice reasonably calculated, under all the
11  circumstances, to apprise interested parties of the pendency
12  of the action and afford them an opportunity to present
13  their objections. This may include an obligation, upon
14  learning that an attempt at notice has failed, to take
15  reasonable followup measures that may be available."
16  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306,
17  314 (1950). & Jones v. Flowers, 547 U.S. 220, 235 (2006)
18  (state's certified letter, intended to notify a property
19  owner that his property would be sold unless he satisfied a
20  tax delinquency, was returned by the post office marked
21  "unclaimed"; the state should have taken additional
22  reasonable steps to notify the property owner, as it would
23  have been practicable for it to have done so) "Though this
24  case was decided under the Fourteenth Amendment, which only
25  applies to the states, the Court interprets its due process
26  protections the same as those under the Fifth Amendment,
27  which applies to the federal government. The Court's ruling

28

Defendant's Declaration

1  will accordingly be extended to actions taken by the federal
2  government as well."

3

4  (7) Under FRCP 60(b)(4) where this fundamental violation of
5  due process effectively renders Plaintiff's Summary Judgment
6  void: "*Void judgment is one where court lacked personal or*
7  *subject matter jurisdiction or entry of order violated due*
8  *process,*" *U.S.C.A. Const. Amend. 5-Triad Energy Corp. v.*
9  *McNell, 110 F.R.D. 382 (S.D.N.Y. 1986). and...*
10 *Judgment is a void judgment if court that rendered judgment*
11 *lacked jurisdiction of the subject matter, or of the*
12 *parties, or acted in a manner inconsistent with due process,*
13 *Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A.*
14 *Const. Amend. 5 – Klugh v. , 620 F.Supp. 892 (D.S.C. 1985)*

15

16 **Conclusion.**
17 The Yelp reviews also demonstrate that a few patrons of
18 "Bunz" restaurant had the mistaken expectation that they
19 could park in the rear lot of the building, Plaintiff Langer
20 included. Ths is understandable, as I was not able to remove
21 the "parking In rear" sign because of my extenuating medical
22 and personal difficulties.
23 I also indicated to plaintiff's counsel that there is a
24 handicap parking spot 160 feet away from the front entrance
25 to the restaurant, located at the street curb.
26 There are also several more handicap spaces located a couple
27 hundred feet away at the CVS parking lot. In no way could
28

7

Defendant's Declaration

Mr. Langer have been deterred from visiting 'Bunz' restaurant.

The fact that the gate has been kept closed by tenants and kept off-limits to the public is established by the newly discovered, dispositive evidence and written testimony from tenant. Together they prove that the parking lot was not a public accommodation. Therefore, Plaintiff's rights were never violated and therefore, ab initio, Plaintiff had no ground for his claim against Defendants.

After having several conversations with Plaintiff's counsel we reached no resolution to any of these issues.

All of the actions taken by Plaintiff stated herein prejudiced Defendants' defense which resulted in an unjust judgment in violation of Defendant's rights to due process under the 5th Amendment.

We suffer undue stress, anxiety, and financial harm from this unjust judgment.

Therefore, I pray the court hears my Motion to void or set aside Summary Judgment and dismiss this action with prejudice.

By: Hector Banuelos, Defendant in Pro Per

Signed: _Hector S_

  Date: _Feb 28, 2020_

1  _Hector Bañuelos_ (Full Name)

2  _2323 W. 37th St._ (Address Line 1)

3  _San Pedro, CA 90732_ (Address Line 2)

4  _310 684 2080_ (Phone Number)

5  _Defendants_ in Pro Per
   (indicate Plaintiff or Defendant)

6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  _Chris Langer_  )   Case No.: _2:16-CV-06505_
                                        _JFW-JC_

13                  )

14      Plaintiff,  )   **PROOF OF SERVICE BY MAIL**

      vs.           )

15  _Hector, Lino &_   )

16  _Rosavelia Bañuelos_   )

17  _____  )

18  _____  )

19  _____,  )

20      Defendant(s).  )

21      _IN Proper_  )

22

23  I, _Hector Bañuelos_, declare as follows:
         (name of person serving documents)

24

25  My address is _2323 W. 37th St. San Pedro CA_

26  _____, which is located in the

    county where the mailing described below took place.

27

28

Pro Se Clinic Form

On _Feb. 28, 2020_, I served the document(s) described as:
*(date of mailing)*

_Defendant's Declaration_
*(list the names of the documents you are mailing)*

on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail at or in _San Pedro, CA_,
*(city and state of mailing)*

addressed to:

_Isabel Masangue_ (name)            _US Central District_ (name)
_8033 Lind Vista Rd._ (address)     _Federal Court_ (address)
_Ste. 200_ (address)                _255 E. Temple St._ (address)
_San Diego, CA 92111_ (address)     _Ste. TS-134_ (address)
                                    _LA, CA 90012_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _Feb 28, 2020_ at _San Pedro CA_.
*(date)*            *(city and state of signing)*

_H Banuelos_
*(sign)*

_Hector Bañuelos_
*(print name)*

Pro Se Clinic Form



2323 W. 37th St.
San Pedro, CA 90732





U.S Courthouse
Central District of CA.

255 E. Temple St.   Ste TS-134

Los Angeles, CA 90012

JFW

